1   Jason E. Barsanti (SBN # 235807)
    Jason.barsanti@mbtlaw.com
2   MECKLER BULGER TILSON
    MARICK & PEARSON LLP
3   575 Market Street, Suite 2200
    San Francisco, CA 94105
4   Tel: (415) 644-0914
    Fax: (415) 644-0978
5

6   Michelle Lee Flores (SBN # 166737)
    mflores@cozen.com
7   COZEN O'CONNOR
    601 S. Figueroa Street
8   Suite 3700
    Los Angeles, CA 90017
9   Telephone: 213.892.7900
    Facsimile: 213.892.7999
10

11  Attorneys for Defendants
    CARGILL INCORPORATED and
    CARGILL ANIMAL NUTRITION
12

13              UNITED STATES DISTRICT COURT

14          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16  JOAN WILKINS, individually, and on      )   Case No.: 2:15-cv-2818
    behalf of other members of the general  )
17  public similarly situated,              )
                                            )
18              Plaintiff,                  )   **CERTIFICATE OF SERVICE OF**
                                            )   **NOTICE OF REMOVAL**
19          vs.                             )
                                            )
20  CARGILL, INCORPORATED, an               )
    unknown business entity; CARGILL        )
21  ANIMAL NUTRITION, an unknown            )
    business entity; CERRI FEED & PET       )
22  SUPPLY, LLC, a California limited       )
    liability company; and DOES 1-100,     )
23  inclusive,                              )
                                            )
24              Defendant.                  )
    _____)

25

26

27

28

                           1

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Cozen O'Connor, 601 South Figueroa Street, Suite 3700, Los Angeles, CA 90017. On April 16, 2015, I served the attached document:

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446 and 1453 (CLASS ACTION – REMOVAL) DEMAND FOR JURY TRIAL**

**CIVIL COVER SHEET**

**DEFENDANTS CARGILL, INCORPORATED AND CARGILL ANIMAL NUTRITION'S CERTIFICATION OF INTERESTED ENTITIES OR PARTIES**

X   U.S. MAIL - by placing the document(s) listed above in a sealed envelope with postage prepaid, and depositing in the U.S. mail at Los Angeles, California to the person(s) at the address(es) set forth below.

Edwin Aiwazian, Esq.                     *Attorneys for Plaintiffs*
LAWYERS FOR JUSTICE, P.C.
410 West Arden Avenue                    Tele:  (818) 265-1020
Suite 203                                Fax:   (818) 265-1021
Glendale, CA  91203
                                         e-mail:  Edwin@lfjpc.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 16, 2015, at Los Angeles, California.

*Maxine Maritz*
Maxine Maritz

1  Jason E. Barsanti (CA Bar No. 235807)
2  Jason.barsanti@mbtlaw.com
   **MECKLER BULGER TILSON**
3  **MARICK & PEARSON LLP**
4  575 Market Street, Suite 2200
   San Francisco, CA 94105
5  Tel: (415) 644-0914
6  Fax: (415) 644-0978

7  Michelle Lee Flores (CA Bar No. 166737)
8  mflores@cozen.com
   **COZEN O'CONNOR**
9  601 S. Figueroa Street, Suite 3700
   Los Angeles, CA 90017
10 Tel: (213) 892-7900
11 Fax: (213) 902-9069

12 *Attorneys for Defendants*
13 *CARGILL INCORPORATED and*
   *CARGILL ANIMAL NUTRITION*
14

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17

18 JOAN WILKINS; individually, and on        Case No.
   behalf of other members of the general
19 public similarly situated,

20                          Plaintiff,        **DEFENDANTS' NOTICE OF**
                                              **REMOVAL OF ACTION**
21        v.                                  **PURSUANT TO 28 U.S.C. §§**
                                              **1332(d)(2), 1441, 1446, AND 1453**
22 CARGILL, INCORPORATED, an                  **(CLASS ACTION – REMOVAL)**
23 unknown business entity; CARGILL           **DEMAND FOR JURY TRIAL**
   ANIMAL NUTRITION, an unknown
24 business entity; CERRI FEED & PET
   SUPPLY, LLC, a California limited
25 liability company; and DOES 1-100,
   inclusive,
26
27                          Defendants.
28

1       PLEASE TAKE NOTICE that Defendants Cargill, Incorporated and Cargill

2   Animal Nutrition ("Defendants"),[1] hereby remove to this Court the state court

3   action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and

4   1453. In support thereof, Defendants state as follows:

5   **I.   THIS COURT HAS JURISDICTION**

6       1.   This Court has original jurisdiction over this action pursuant to the

7   Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1332(d), which vests

8   the United States district courts with original jurisdiction of any civil action: (a)

9   that is a class action with a putative class of more than a hundred (100)

10   members; (b) in which any member of a class of plaintiffs is a citizen of a State

11   different from any defendant; and (c) in which the matter in controversy

12   exceeds the sum or value of $5,000,000, exclusive of interest and costs.  28

13   U.S.C. §1332(d).  CAFA authorizes removal of such actions in accordance with

14   28 U.S.C. §§ 1446 and 1453.  As set forth below, this case meets all of CAFA's

15   requirements for removal and is timely and properly removed by the filing of

16   this Notice.

17       2.   Pursuant to 28 U.S.C. § 1446(a), a notice of removal must: (1) be

18   signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) contain

19   a "short and plaint statement of the grounds for removal"; and (3) be

20   accompanied by a copy of all process, pleadings, and orders served on

21   defendant in the action.

22   **II.   VENUE IS PROPER**

23       3.   With respect to this petition for removal, venue is proper in this Court

24   pursuant to 28 U.S.C. sections 84(a), 1391 and 1446, because this action was

25   _____

26   [1]       Defendant Cargill Animal Nutrition is not a separate corporate entity of any
nature, but instead is a business unit of Defendant Cargill, Incorporated.  Cerri

27   Feed & Pet Supply, LLC is a separate entity from Cargill, Incorporated and is not

28   presently owned or operated in any respect by Cargill, Incorporated.

1 originally brought in the Superior Court of California for the County of Los

2 Angeles (Case No. BC532439).

3 **III. PLEADINGS, PROCESS AND ORDERS**

4   4. On March 4, 2015, this putative class action was commenced and is

5 currently pending in the Superior Court of California, County of Los Angeles,

6 as Case No. BC574554, entitled *Joan Wilkins, individually, and on behalf of*

7 *other members of the general public similarly situated, Plaintiff, vs. Cargill,*

8 *Incorporated, an unknown business entity; Cargill Animal Nutrition, an*

9 *unknown business entity; Cerri Feed & Pet Supply, a California limited*

10 *liability company; and DOES 1 through 100, inclusive, Defendants.*

11   5. The Complaint asserted the following causes of action: (1) violation

12 of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violation of

13 California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3)

14 violation of California Labor Code § 226.7 (unpaid rest period premiums); (4)

15 violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid

16 minimum wages); (5) violation of California Labor Code §§ 201 and 202 (final

17 wages not timely paid); (6) violation of California Labor Code §§ 204 (wages

18 not timely paid during employment); (7) violation of California Labor Code §

19 226(a) (non-compliant wage statements); (8) violation of California Labor

20 Code § 1174(d) (failure to keep requisite payroll records); (9) violation of

21 California Labor Code §§ 2800 and 2802 (unreimbursed business expenses);

22 and (10) violation of California Business & Professions Code §§ 17200, et. seq.

23 (**Exhibit A**, Complaint.)

24   6. On March 17, 2015, Cargill, Incorporated was served with the

25 Complaint. Attached hereto as **Exhibit B** is a true copy of the documents

26 served on Cargill, Incorporated including the Notice of Service of Process,

27 Summons, Complaint, Notice of Case Assignment, Civil Case Cover Sheet and

28

1  Addendum, Voluntary Efficient Litigation Stipulations, and Proof of Service of

2  Summons.

3       7.    Pursuant to 28 U.S.C. section 1446(a), according to the docket, a copy

4  of which is attached at **Exhibit C**, Plaintiff filed Return of Service of Summons

5  and Complaint on April 2, 2015 with respect to Defendant Cerri Feed & Animal

6  Nutrition, LLC.   That document was not served on Defendants.   However,

7  Defendant Cargill, Incorporated obtained a copy of that document and a copy is

8  attached hereto as **Exhibit D**.   The attached exhibits constitute all process,

9  pleadings and orders served upon Defendants or filed or received in this action by

10  Defendants. Defendants have not filed an Answer in the action in superior court.

11  **IV.   CARGILL HAS SATISFIED THE PROCEDURAL REQUIREMENTS**
12        **FOR REMOVAL**

13      **A.   This Removal Petition is Timely**

14       8.    Plaintiff personally served the Summons and Complaint on Cargill

15  Incorporated's agent on March 17, 2015, as attested by her Proof of Service of

16  Summons contained in **Exhibit B**.   Pursuant to 28 U.S.C. section 1446(b) and

17  Federal Rule of Civil Procedure, Rule 6(a)(1)(C), this Notice of Removal is

18  therefore timely filed as it is filed within thirty (30) days after Defendant was

19  served with the Summons and Complaint and within one year after

20  commencement of this action. *See Murphy Bros., Inc. v. Michetti Pipe*

21  *Stringing, Inc.*, 526 U.S. 344, 356 (1999) (30-day removal period runs from the

22  service of the summons and complaint).

23      **B.   The Procedural Requirements of Removal Are Met**

24       9.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and

25  orders served upon Defendant are attached as **Exhibit B** to this Notice of Removal.

26  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served

27  upon counsel for Plaintiff and a "Notice to State Court and Adverse Parties of

28  Removal of Action" (to include a copy of this Notice of Removal and all Exhibits)

1  will be promptly filed with the Clerk of the Superior Court in Los Angeles County,

2  and served on all other parties to this action.

3  **V.   THIS COURT HAS JURISDICTION UNDER CAFA**

4  10.  In its recent decision in *Dart Cherokee Basin Operating Co. v. Owens*,

5  135 S.Ct. 547 (2014), the United States Supreme Court clarified the standards

6  applicable to notices of removal in CAFA cases, confirming a liberal standard in

7  favor of removing defendants.   Specifically, the Supreme Court found that the

8  similarity of language between the removal statute and Rule 8(a) can only mean

9  that the same liberal pleading standards applied to complaints must also apply to

10 notices of removal.   *Id.*   The Supreme Court also held in *Dart* that a removing

11 defendant is **not required** to include evidence with its pleading in order to establish

12 that the elements of federal subject matter jurisdiction are met.   *Id.* at 552-553.

13 Only if the Court or another party challenges jurisdiction should the Court require a

14 removing defendant to prove, under the applicable "preponderance" standard, that

15 the jurisdictional requirements are met.   "In sum, as specified in § 1446(a), a

16 defendant's notice of removal need include only a plausible allegation that the

17 amount in controversy exceeds the jurisdictional threshold. Evidence establishing

18 the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the

19 court questions, the defendant's allegation." *Id.* at 554.  In addition, there exists no

20 "presumption against removal" in CAFA cases, because CAFA was specifically

21 enacted by Congress "to facilitate adjudication of certain class actions in federal

22 court." *Id.*

23 11.  This Court has diversity jurisdiction over Plaintiff's action pursuant to

24 the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).   Under CAFA,

25 federal district courts have original jurisdiction over a class action if (1) it involves

26 100 or more putative class members, (2) any class member is a citizen of a state

27 different from any defendant, and (3) the aggregated amount in controversy exceeds

28 $5,000,000 (exclusive of costs and interest).  *See* 28 U.S.C. §§ 1332(d)(2), d(5), and

(d)(6).[2]  CAFA applies to "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B).

A.  **Plaintiff Is Asserting A Class Action Against Cargill, Incorporated**

12.  Plaintiff plainly brings this lawsuit as a class action.  The Complaint itself is titled "CLASS ACTION COMPLAINT FOR DAMAGES," Plaintiff seeks to act as a class representative "on behalf of other members of the general public," and Plaintiff states in the very first paragraph that "[t]his class action is brought pursuant to the California Code of Civil Procedure section 382."  (**Exhibit A**, Complaint at Caption and ¶ 1.)    Accordingly, CAFA applies.  *E.g.*, *Bodner v. Oreck Direct, LLC*, No. C 0604756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382").

B.  **The Number of Putative Class Members Exceeds 100**

13.  Plaintiff seeks to represent a class of "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment."  (**Exhibit A**, Complaint at ¶ 15.)

/ / /

/ / /

/ / /

---

[2]  Wilkins alleges that the amount of her individual claim for recovery is less than $75,000.  Even if true, this allegation bears no significance because the $75,000 threshold is not applicable to a class action removal under CAFA. *See* 28 U.S.C. 1332(d)(2) & (6).

14.    Although Plaintiff's Complaint does not allege a specific number of persons who meet his proposed class definition,[3] based upon inspection of Cargill, Incorporated's employment records the number of individuals employed by Cargill, Incorporated in California during the time period from March 4, 2011 to the present exceeds 100.  In fact, over that time period, Cargill, Incorporated has employed workers in an average of more than 300 positions at as many as 11 locations.

**C.    None of the Defendants is a Governmental Entity**

15.    Under 28 U.S.C. § 1332(d)(5)(B), CAFA does not apply to class actions where the "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

16.    Cargill, Incorporated is a corporation incorporated in Delaware and is not a state, state official or other government entity exempt from CAFA.

17.    Cargill Animal Nutrition is a business unit of Cargill, Incorporated and is not a state, state official or other government entity exempt from CAFA.

18.    According to Plaintiff's allegations, Cerri Feed & Pet Supply is a California limited liability company and, as such, is not a state, state official or other government entity exempt from CAFA.  (**Exhibit A**, Complaint at ¶ 8.)

**D.    There Is Diversity Between At Least One Class Member And Any One Defendant**

19.    CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant."    28 U.S.C. §§ 1332(d)(2)(A); 1453(b).    Minimal diversity of

---

[3]    Plaintiff alleges that the class is estimated to be greater than seventy-five (75) individuals and alleges that the identity of such membership is "readily ascertainable by inspection of Defendants' employment records." (Ex. A, Complaint at ¶ 17(a).)

1   citizenship exists here because Plaintiff and Defendant Cargill, Incorporated are

2   citizens of different states.

3        20.    Plaintiff has conceded that she is domiciled in California.  Allegations

4   of residency in a state court complaint can create a rebuttable presumption of

5   domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d 747, 751 (9th

6   Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20

7   (10th Cir. 1994) (allegation by a party in state court complaint of residency

8   "created a presumption of continuing residence in [state] and put the burden of

9   coming forward with contrary evidence on the party seeking to prove otherwise").

10  At the time Plaintiff commenced this action and at the time of removal, Plaintiff

11  alleged that she resided in the State of California.  (**Exhibit A**, Complaint at ¶ 5.)

12  Therefore, Plaintiff is a citizen of California for diversity purposes.

13       21.    Conversely, Cargill, Incorporated is not a citizen of California.  It is a

14  citizen of Delaware and Minnesota.   For diversity purposes, a corporation is

15  deemed a citizen of its state of incorporation and the state where it has its

16  principal place of business.  28 U.S.C. § 1332(c)(1).  The principal place of

17  business is "where a corporation's officers direct, control, and coordinate the

18  corporation's activities."  See *Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93

19  (2010).  At the time this action was commenced in state court, Defendant Cargill,

20  Incorporated was, and remains, a Delaware corporation (via incorporation)

21  with its principal place of business in Wayzata, Minnesota where its corporate

22  offices and headquarters, and where Cargill, Incorporated's executive and

23  administrative functions are located.

24       22.    Accordingly, the named Plaintiff is a citizen of a state different from

25  Cargill, Incorporated, and diversity exists for purposes of CAFA jurisdiction. *See*

26  28 U.S.C. §§ 1332(d)(2)(A), 1453.

27  / / /

28  / / /

E.   <u>The Amount in Controversy Exceeds $5,000,000[4]</u>

23.   CAFA's $5,000,000 threshold for the "amount in controversy," is not the same as the amount ultimately recovered.  *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10- 4280-GHK JCx, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, courts must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).  After all, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).  Additionally, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint") (citations omitted).

24.   Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."

---

[4]   The alleged damage calculations set forth in the instant Notice of Removal are provided for purposes of removal only and based on the presumption of truth to which Plaintiff's allegations are entitled.  Cargill, Incorporated denies that Plaintiff or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's claims and his alleged damages at every stage of this case.

Senate Judiciary Committee Report, S. REP. 109-14 at 42.  In addition, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  S. REP. 109-14 at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . [Section 1332(d)] should be read broadly, with a strong preference that interstate class actions should be heard in federal court if removed by the defendant.")

25.     In calculating the amount in controversy, the claims of class members may be aggregated to determine whether the amount in controversy has been satisfied. 28 U.S.C. § 1332(d)(6).

26.     Plaintiff's Complaint here is silent as to the total amount in controversy.[5]  However, as demonstrated herein, the Plaintiff's allegations, when accepted as true, place more $5,000,000 in controversy in this lawsuit.   By demonstrating that the amount in controversy exceeds the CAFA threshold, Defendants in no way concede the validity of Plaintiffs claims in any respect or the likelihood that Plaintiff will obtain certification or recover anything.

27. With respect to her claims for wages, Plaintiff's Tenth Cause of Action alleges violation of the California Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.*  (*See* **Exhibit A**, Complaint ¶¶ 110-116.) Alleging a UCL violation extends the statute of limitations on certain of Plaintiff's wage claims from three to four years.  *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Products Co.,* 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the

---

[5]     That Plaintiff concedes the value of his individual claims at less than $75,000 is irrelevant since the damages of the entire putative class are aggregated for purposes of calculating the amount in controversy.

UCL); *See also* **Exhibit A**, Complaint at ¶ 116 (specifically seeking to recover the restitution of wages during a four-year period preceding the filing of the instant lawsuit).   Moreover, Plaintiff explicitly seeks to apply a four-year statute of limitations to his class action claims by virtue of his class definition. (**Exhibit A**, Complaint at ¶ 15.)

### 1. Plaintiff's First Cause of Action (Unpaid Overtime Wages)

28.   Plaintiff's first cause of action alleges that Defendants failed to pay overtime wages owed to Plaintiff and the other class members, including failing to properly calculate the overtime rate. (**Exhibit A**, Complaint at ¶ 55.)

29.   Plaintiff's allegations with respect to his overtime claims do not adequately state the number of hours of overtime worked, the amount of overtime owed, or even whether the class members were denied the whole of the time-and-a-half their regular rate owed them or, instead, whether they were paid straight time for hours worked beyond eight in a day or forty in a week and therefore they are merely seeking the remaining half-time their regular rate.   (**Exhibit A**, Complaint at ¶¶ 54-57.)   For that reason, Defendants base their calculations on the lower of each possibility for purposes of determining the amount in controversy.

30.   Defendants' calculations are based on the following:

- During the class period starting with March 4, 2011 and proceeding to the present, Cargill, Incorporated employed an average of more than 300 hourly-paid non-exempt workers at any given time (300 positions) in the state.[6]

---

[6]   All of Cargill, Incorporated's calculations exclude individuals employed by Cerri after Cargill, Incorporated sold Cerri to a third party.  Moreover, Cargill, Incorporated does not waive its right to challenge the allegation that it employed Plaintiff or any other Cerri employees at any time or that any of its employees are similarly situated to any Cerri employee including Plaintiff.

- Those hourly-paid non-exempt employees were paid at least twice monthly[7] for a total of 208 (52 weeks per year x 4 years) workweeks per position and 96 pay periods (2 pay periods per month x 12 months per year x 4 years) per position.[8] Thus, the number of workweeks for purposes of calculating the amount in controversy for Plaintiff's first cause of action is at least 62,400 (208 x 300).

- Based on a review of a sampling of pay records across the 11 Cargill, Incorporated locations operating within the class period including pay records from March, 2011 to March, 2015, the average hourly rate of pay for class members is greater than Plaintiff's hourly rate of pay, which was $16.57. Thus, the pay rate for calculating the amount in controversy for Plaintiff's first cause of action is **at least** $8.28 per hour of overtime worked ($16.57 / 2).[9]

---

[7]     Some of the subject employees were paid weekly and some were paid twice monthly. However, for ease of calculation and explanation, Defendants' calculations are based on the less frequent pay method, thereby underestimating the potential amount in controversy any time damages are based on a per-paycheck method of calculation, such as with respect to Plaintiff's minimum wage claim.

[8]     Again for ease of calculation and explanation, Defendants' method of calculation relies on the four year period from March 4, 2011 to the date of filing on March 4, 2015. This method excludes the weeks following filing the Complaint and, by doing so, underestimates the potential amount in controversy by approximately 6 workweeks or at least 3 pay periods.

[9]     This rate takes the conservative interpretation of Plaintiff's calculations such that she is only seeking overtime at the rate of .5 times the regular hourly rate based on the understanding that she and the putative class members were paid straight time for their overtime hours worked. If her vague allegations are intended to claim that she and putative class members were not paid **at all** for their overtime hours worked (i.e., that they were the result of off-the-clock work), the amount in controversy for her first cause of action would increase at least threefold.

- In addition, based on that same review of pay records, employees in the putative class worked overtime in more than 50% of the workweeks in the class period. Thus, Defendant's calculations are based on this conservative 50% number.

- Additionally, based on that same review of pay records, during the class period putative class members averaged more than 3 hours of overtime in workweeks that they worked overtime. Thus, Defendants' calculations are based on this conservative 3-hour-per-workweek number.

31. Accordingly, based on those conservative calculations for the putative class members, the amount in controversy for Plaintiff's first cause of action alone amounts to at least **$775,008.00**, which is reached by multiplying the number of workweeks for all class members (62,400) **x** the 50% overtime rate **x** 3 hours of overtime per workweek where overtime was worked **x** the overtime rate of $8.28 per hour (62,400 x .5 x 3 x 8.28 = 775,008.00).

## 2. **Plaintiff's Second Cause of Action (Unpaid Meal Premiums)**

32. With respect to her meal period claim, Plaintiff alleges without qualification that she and "other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods of longer than five (5) hours without an uninterrupted meal period of not less than thirty minutes . . ." (**Exhibit A**, Complaint at ¶ 62.).

33. Based on a review of her pay records, Plaintiff's shift regularly exceeded six (6) hours. Moreover, based on a review of the pay records as set forth above, the shifts of the putative class members regularly exceeded six (6) hours per day. Indeed, the rate at which both Plaintiff and the putative class members worked shifts exceeding six (6) hours was greater than twice per workweek.

/ / /

34. Thus, based on Plaintiff's allegation that she and the putative class members were denied legally-compliant meal periods when they worked more than six (6) hours in a shift, coupled with the frequency of which Plaintiff and the putative class members actually worked six or more hours in a workweek, the amount in controversy for Plaintiff's second cause of action for meal period premiums equals at least two meal period violation per week per class member.

35. The resulting amount in controversy is equal to **$2,067,936** based on the calculation of workweeks (62,400) **x** plaintiff's hourly rate (which, at $16.57, is less than the average hourly rate for the class) **x** 2 violations per week or 62,400 x 16.57 x 2 = 2,067,936.

### 3. Plaintiff's Third Cause of Action (Unpaid Rest Premiums)

36. With respect to her rest period claim, Plaintiff alleges without qualification that Defendants required her and other class members to work four or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked. (**Exhibit A**, Complaint at ¶ 71.).

37. Based on a review of her pay records, Plaintiff's shift and the shifts of the putative class members regularly exceeded four (4) hours per day. Indeed, the rate at which both Plaintiff and the putative class members worked shifts exceeding four (4) hours was greater than twice per workweek.

38. Thus, based on Plaintiff's allegation that she and the putative class members were denied legally-compliant rest periods when they worked more than four (4) hours in a shift, coupled with the frequency of which Plaintiff and the putative class members actually worked four or more hours in a workweek, the amount in controversy for Plaintiff's third cause of action for rest period premiums equals at least two rest period violations per week per class member.

39. The resulting amount in controversy is equal to **$2,067,936** based on the calculation of workweeks (62,400) **x** plaintiff's hourly rate (which, at $16.57, is less than the average hourly rate for the class) or 62,400 x 16.57 x 2 = 2,067,936.

4.    **Plaintiff's Fourth Cause of Action (Unpaid Minimum Wage)**

40.    With respect to her minimum wage claim, Plaintiff alleges that Defendant failed to pay minimum wage to Plaintiff and other class members.[10] (**Exhibit A**, Complaint at ¶ 78.)  Although Plaintiff's minimum wage allegations are simply too vague and inadequate to allow even for an estimation of the potential wages due as a result of Defendants' failure to pay minimum wage – after all, by how much does the amount Defendants pay fall below the minimum? – Plaintiff also seeks penalties with respect to those claims, which does lend itself to calculation.

41.    In that regard, Plaintiff is seeking at least $100 per pay period in which Defendants failed to pay minimum wage. (**Exhibit A**, Complaint at ¶ 80.)

42.    Thus, based on Plaintiff's broad minimum wage allegations coupled with the fact that she is seeking $100 per pay period, and based on the fact that penalties are limited to 1-year statutes of limitations under California law, Plaintiff is seeking $100 **x** the number of pay periods from March 4, 2014 to the present, which is more than 52 weeks.

43.    Over the course of the past year, Cargill, Inc. has employed workers in an average of 285 positions.  Using that number and limiting the recovery period to just one-year (which is at least 3 pay periods fewer than are at issue), there are 6,840 impacted pay periods (285 positions **x** 24 pay periods per year). Accordingly, the amount in controversy for Plaintiff's minimum wage claim,

---

[10]    While Plaintiff's minimum wage allegations are both inadequate under the applicable pleading standards and absurd based on her and other class members' hourly rates of pay, they must be accepted as true for purposes of calculating the amount in controversy. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  Defendants' calculations comply with that mandate, while Defendants do not waive their right to challenge Plaintiff's allegations at the pleadings stage and beyond.

excluding the wages and liquidated damages sought, is **at least $684,000** (6,840 pay periods x $100 penalty).

### 5.   Plaintiff's Fifth Cause of Action (Final Wages Not Timely Paid)

44.   With respect to her fifth cause of action for waiting time penalties Plaintiff alleges, without qualification, that Defendants intentionally and willfully failed to pay Plaintiff and the other class members who were no longer employed their wages within seventy-two (72) hours of termination.   Plaintiff seeks to recover each employee's wages, which continue to accrue for 30 days following their termination.

45.   Based on a review of Cargill, Incorporated's employment records, Cargill, Incorporated had more than 300 employees terminate their employment within the applicable class period.  Again using Plaintiff's hourly rate, which is less than the average hourly rate of pay for putative class members, as the applicable rate of pay, the amount in controversy for Plaintiff's waiting time claim is **$149,130** (16.57 (hourly rate) **x** 30 days **x** 300 employees = 149,130)

### 6.   Plaintiff's Seventh Cause[11] of Action (Non-compliant Wage Statements)

46.   With respect to her Non-compliant wage statement claims, Plaintiff alleges, without qualification, that Defendants failed to provide Plaintiff and the putative class members with complete and accurate wage statements.  (**Exhibit A**, Complaint at ¶ 96.)  In connection with that claim, Plaintiff seeks to recover **at least** $4,000 per effected employee.  (**Exhibit A**, Complaint at ¶ 99.)

---

[11]   Because Plaintiff does not specify what damages she seeks with respect to her sixth cause of action, either in the body of her Complaint or in her Prayer for Relief, Defendants will not endeavor to calculate an amount in controversy for that claim at this time.

47.     Over the one-year statute of limitations applicable to claims for wage statement penalties, Cargill, Inc. employed workers in 285 positions in the State of California.   Thus, at the conservative rate of 24 pay periods in a year, Cargill has issued at least 6,840 paychecks.   The available penalty under section 226 of the Labor Code is $50 per inaccurate statement for each initial violation and $100 per each subsequent violation.   Accordingly, even assuming that every violation is an initial violation, the amount in controversy for Plaintiff's inaccurate wage statement claim is **at least** $342,000.

### 7.     Minimum Amount in Controversy for Plaintiff's Claims

48.     Based on the foregoing, the amount in controversy for Plaintiff's claims exceeds the $5,000,000 threshold.   Specifically, the **minimum** amounts placed into controversy by Plaintiff's causes of action are:

- First cause of action = **$775,008**
- Second cause of action = **$2,067,936**
- Third cause of action = **$2,067,936**
- Fourth cause of action = **$684,000**
- Fifth cause of action = **$149,130**
- Seventh cause of action = **$342,000**

49.     Thus, the total **minimum** amount placed in controversy by Plaintiff's Complaint, even without any consideration given to causes of action six, eight, or nine, is **$6,086,010** before attorneys' fees are included.

### 8.     Attorney's Fees

50.     Attorneys' fees are also includable in the amount in controversy where the underlying statute authorizes an award of fees. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013).   Plaintiff is seeking attorneys' fees with respect to causes of action one, two, four, nine and ten. (**Exhibit A**, Complaint at Prayer for Relief.)   The Ninth Circuit has recognized

25% as an appropriate benchmark for fee awards in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under that benchmark, and based on the demonstrated amount in controversy for causes action one, two, and four,[12] which is calculated by adding the amounts in controversy for each pertinent cause of action ($775,008 + $2,067,936 + $684,000 = $3,526,944) and then multiplying that number by .25 (25%) it is reasonable to place the attorneys' fees in controversy at a minimum of **$846,466.56**. Adding that amount to the previously calculated value only serves to underscore the conclusion that this case easily exceeds the $5,000,000 threshold.

## V.   **CONCLUSION**

51. This Court has original jurisdiction over Plaintiff's claims by virtue of the Class Action Fairness Act. This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441. In the event this Court has a question regarding the propriety of this Notice of Removal, Cargill, Incorporated requests the opportunity to submit evidence, points and authorities further supporting the removal of this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[12] Plaintiff's tenth cause of action, for violation of the UCL, works to extend the recovery available under certain of her other causes of action. For that reason, the amount in controversy for her tenth cause of action is already inherent in the amount in controversy for those other causes of action and, for that reason, is not double counted here in the fee calculation or above in the amount in controversy calculations.

1    WHEREFORE, Defendant Cargill, Incorporated removes the above-action

2    to this Court.

3    **DEMAND FOR JURY TRIAL**

4    Defendants hereby demand a trial by jury.

6    Dated: April 16, 2015          By: _____

7                                        One of the Attorneys for Defendants

8                                        Jason E. Barsanti (CA Bar No. 235807)

9                                        Jason.barsanti@mbtlaw.com

10                                       MECKLER BULGER TILSON

                                         MARICK & PEARSON LLP

11                                       575 Market Street, Suite 2200

                                         San Francisco, CA 94105

12                                       Tel: (415) 644-0914

13                                       Fax: (415) 644-0978

14                                       Michelle Lee Flores (CA Bar No. 166737)

15                                       mflores@cozen.com

16                                       COZEN O'CONNOR

                                         601 S. Figueroa Street, Suite 3700

17                                       Los Angeles, CA 90017

18                                       Tel: (213) 892-7900

                                         Fax: (213) 902-906

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



Edwin Aiwazian (SBN 232943)
**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAR 04 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

JOAN WILKINS; individually, and on behalf of other members of the general public similarly situated,

        Plaintiff,

  vs.

CARGILL, INCORPORATED, an unknown business entity; CARGILL ANIMAL NUTRITION, an unknown business entity; CERRI FEED & PET SUPPLY, LLC, a California limited liability company; and DOES 1 through 100, inclusive,

        Defendants.

Case No.: **BC 574554**

**CLASS ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10) Violation of California Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMES NOW, Plaintiff JOAN WILKINS ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the State of California, County of Los Angeles.  Moreover, Defendant CARGILL, INCORPORATED's agent for service of process is located in the State of California, County of Los Angeles.

## PARTIES

5.      Plaintiff JOAN WILKINS is an individual residing in the State of California.

6.      Defendant CARGILL, INCORPORATED, at all times herein mentioned, was and is, upon information and belief, an unknown business entity, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California.

///

2

7.      Defendant CARGILL ANIMAL NUTRITION at all times herein mentioned, was and is, upon information and belief, an unknown business entity, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California.

8.      Defendant CERRI FEED & SUPPLY, LLC, at all times herein mentioned, was and is, upon information and belief, a California limited liability company, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California.

9.      At all relevant times, CARGILL, INCORPORATED, CARGILL ANIMAL NUTRITION and CERRI FEED & SUPPLY, LLC were the "employer" of Plaintiff within the meaning of all applicable California state laws and statutes.

10.     At all times herein relevant, Defendants CARGILL, INCORPORATED, CARGILL ANIMAL NUTRITION, CERRI FEED & SUPPLY, LLC and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

11.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

12.     Defendant CARGILL, INCORPORATED, CARGILL ANIMAL NUTRITION CERRI FEED & SUPPLY, LLC and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

13.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

15.     The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

16.     Plaintiff reserves the right to establish subclasses as appropriate.

17.     The class is ascertainable and there is a well-defined community of interest in the litigation:

> a.     Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than seventy-five (75) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.
>
> b.     Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

c.  <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

18.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

///
///
///

5

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

b.     Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed meal periods and rest breaks in violation of California law;

c.     Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.     Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.     Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.     Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.     Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.     Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.     Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.     Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.     Whether Defendants' conduct was willful or reckless;

l.     Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

6

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

m.     The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.     Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

19.     At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

20.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately August 2012 to approximately March 2013, in the State of California.

21.     Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

22.     Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment and to supervise their daily employment activities.

23.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

24.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

25.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

26.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

///

///

///

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This scheme involved, inter alia, failing to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum

8

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    wages for all hours worked.

2        33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

3    knew or should have known that Plaintiff and the other class members were entitled to receive

4    all wages owed to them upon discharge or resignation, including overtime, minimum wages,

5    meal and rest period premiums, and they did not, in fact, receive all such wages owed to them

6    at the time of their discharge or resignation.

7        34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

8    knew or should have known that Plaintiff and the other class members were entitled to receive

9    all wages owed to them during their employment.  Plaintiff and the other class members did

10   not receive payment of all wages, including overtime and minimum wages and meal and rest

11   period premiums, within any time permissible under California Labor Code section 204.

12       35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

13   knew or should have known that Plaintiff and the other class members were entitled to receive

14   complete and accurate wage statements in accordance with California law, but, in fact, they did

15   not receive complete and accurate wage statements from Defendants.  The deficiencies

16   included, inter alia, the failure to include the total number of hours worked by Plaintiff and the

17   other class members.

18       36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

19   knew or should have known that Defendants had to keep complete and accurate payroll records

20   for Plaintiff and the other class members in accordance with California law, but, in fact, did

21   not keep complete and accurate payroll records.

22       37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

23   knew or should have known that Plaintiff and the other class members were entitled to

24   reimbursement for necessary business-related expenses.

25       38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

26   knew or should have known that they had a duty to compensate Plaintiff and the other class

27   members pursuant to California law, and that Defendants had the financial ability to pay such

28   compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

9

1    represented to Plaintiff and the other class members that they were properly denied wages, all

2    in order to increase Defendants' profits.

3          39.    At all material times set forth herein, Defendants failed to pay overtime wages

4    to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class

5    members were required to work more than eight (8) hours per day and/or forty (40) hours per

6    week without overtime compensation.

7          40.    At all material times set forth herein, Defendants failed to provide the requisite

8    uninterrupted meal and rest periods to Plaintiff and the other class members.

9          41.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

10   other class members at least minimum wages for all hours worked.

11         42.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

12   other class members all wages owed to them upon discharge or resignation.

13         43.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

14   other class members all wages within any time permissible under California law, including,

15   inter alia, California Labor Code section 204.

16         44.    At all material times set forth herein, Defendants failed to provide complete or

17   accurate wage statements to Plaintiff and the other class members.

18         45.    At all material times set forth herein, Defendants failed to keep complete or

19   accurate payroll records for Plaintiff and the other class members.

20         46.    At all material times set forth herein, Defendants failed to reimburse Plaintiff

21   and the other class members for necessary business-related expenses and costs.

22         47.    At all material times set forth herein, Defendants failed to properly compensate

23   Plaintiff and the other class members pursuant to California law in order to increase

24   Defendants' profits.

25         48.    California Labor Code section 218 states that nothing in Article 1 of the Labor

26   Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty

27   due to him [or her] under this article."

28   ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION;
### CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis, including any incentive pay.

51.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (4) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

52.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

53.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and no overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

54.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

11

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

55.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members, including failing to properly calculating the overtime rate.

56.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

57.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

58.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57, and each and every part thereof with the same force and effect as though fully set forth herein. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

59.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

60.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an

12

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  employee to work for a work period of more than ten (10) hours per day without providing the

2  employee with a second uninterrupted meal period of not less than thirty (30) minutes, except

3  that if the total hours worked is no more than twelve (12) hours, the second meal period may

4  be waived by mutual consent of the employer and the employee only if the first meal period

5  was not waived.

6      61.    During the relevant time period, Plaintiff and the other class members who were

7  scheduled to work for a period of time no longer than six (6) hours, and who did not waive

8  their legally-mandated meal periods by mutual consent, were required to work for periods

9  longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

10  minutes and/or rest period.

11      62.    During the relevant time period, Plaintiff and the other class members who were

12  scheduled to work for a period of time in excess of six (6) hours were required to work for

13  periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

14  (30) minutes and/or rest period.

15      63.    During the relevant time period, Defendants intentionally and willfully required

16  Plaintiff and the other class members to work during meal periods and failed to compensate

17  Plaintiff and the other class members the full meal period premium for work performed during

18  meal periods.

19      64.    During the relevant time period, Defendants failed to pay Plaintiff and the other

20  class members the full meal period premium due pursuant to California Labor Code section

21  226.7.

22      65.    Defendants' conduct violates applicable IWC Wage Order and California Labor

23  Code sections 226.7 and 512(a).

24      66.    Pursuant to applicable IWC Wage Order and California Labor Code section

25  226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one

26  additional hour of pay at the employee's regular rate of compensation for each work day that

27  the meal or rest period is not provided.

28  ///

13

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION;

### CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

67.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 66, and each and every part thereof with the same force and effect as though fully set forth herein.

68.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

69.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

70.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

71.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

72.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

73.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

14

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

74.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

75.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

76.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

77.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

78.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

79.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

15

81.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 201 and 202)**

**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same for and effect as though fully set forth herein.

83.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

85.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

86.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

87.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

88.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

90.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

91.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

92.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

93.     Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

17

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

94.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

96.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

97.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

18

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

98.     More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

99.     Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

100.    Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

101.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

103.    Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

///

19

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

104.    As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

105.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2800 and 2802)

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

106.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 105, and each and every part thereof with the same force and effect as though fully set forth herein.

107.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

108.    Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

109.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

20

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

110.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

112.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

113.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a) and 1174(d).

114.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

///

///

21

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

115.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

116.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences from four years preceding the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

22

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(b);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

19.   For all actual, consequential, and incidental losses and damages, according to proof;

20.   For premium wages pursuant to California Labor Code section 226.7(b);

21.   For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.   For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

23.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.   For general unpaid wages and such general and special damages as may be appropriate;

25.   For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.   For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.   For liquidated damages pursuant to California Labor Code section 1194.2; and

29.   For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

30.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of the other class members no longer employed by Defendants;

31.   For all actual, consequential, and incidental losses and damages, according to proof;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

24

32.     For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

33.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.     For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

35.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

36.     For all actual, consequential, and incidental losses and damages, according to proof;

37.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38.     For such other and further relief as the court may deem just and proper.

### As to the Seventh Cause of Action

39.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40.     For actual, consequential and incidental losses and damages, according to proof;

41.     For statutory penalties pursuant to California Labor Code section 226(e);

42.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

43.     For such other and further relief as the court may deem just and proper.

///

///

///

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

25

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Eighth Cause of Action

44.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

45.    For actual, consequential and incidental losses and damages, according to proof;

46.    For statutory penalties pursuant to California Labor Code section 1174.5; and

47.    For such other and further relief as the court may deem just and proper.

### As to the Ninth Cause of Action

48.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.    For actual, consequential and incidental losses and damages, according to proof;

50.    For the imposition of civil penalties and/or statutory penalties;

51.    For reasonable attorneys' fees and costs of suit incurred herein;

52.    For such other and further relief as the Court may deem just and proper.

### As to the Tenth Cause of Action

53.    That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff and the other class members all vested vacation time, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a) and 1174(d).

54.    For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

26

55.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

56.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58.     For such other and further relief as the court may deem just and proper.

Dated: March 4, 2015                          LAWYERS *for* JUSTICE, PC

By: _____
    Edwin Aiwazian
    *Attorneys for* Plaintiff

# EXHIBIT B

CT Corporation

**Service of Process Transmittal**
03/17/2015
CT Log Number 526772507

TO: JoAnne Shafer
Cargill, Incorporated
Cargill Office Center, 15407 McGinty Road West
Wayzata, MN 55391

RE: **Process Served in California**

FOR: Cargill, Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joan Wilkins, etc., Pltf. vs. Cargill, Incorporated, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Notice, Cover Sheet, Addendum and Statement, Stipulations(s), Stipulation and Order, Complaint |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC574554 |
| **NATURE OF ACTION:** | Employee Litigation - Plaintiff alleges defendant for violation of California Labor Code and unpaid overtime in the matter |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/17/2015 at 12:35 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Edwin Aiwazian<br>Lawyers for Justice, PC<br>410 West Arden Avenue<br>Suite 203<br>Glendale, CA 91203<br>818-265-1020 |
| **ACTION ITEMS:** | CT will retain the current log<br>Image SOP<br>Email Notification, JoAnne Shafer joanne_shafer1@cargill.com<br>Email Notification, Karen Kepler Karen_Kepler@cargill.com<br>Email Notification, Susan Whitman Susan_Whitman@cargill.com<br>Email Notification, Bobbi Pearson bobbi_pearson@cargill.com<br>Email Notification, Brooke Tassoni Brooke_tassoni@Cargill.com<br>Email Notification, Kristin Mitchell Kristin_Mitchell@cargill.com<br>Email Notification, Lori Leadstrom Lori_Leadstrom@cargill.com<br>Email Notification, Jenny Fernholz jenny_fernholz@cargill.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

MAR 0 4 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CARGILL, INCORPORATED, an unknown business entity;
"Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOAN WILKINS; individually, and on behalf of other members of the
general public similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* State of California

Superior Court for the County of Los Angeles
Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
**BC 5 7 4 5 5 4**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Edwin Aiwazian; 410 Arden Ave., Ste. 203, Glendale, CA 91203; Telephone: (818) 265-1020

DATE:  SHERRI R. CARTER  Clerk, by  Judi Lara , Deputy
*(Fecha)*  *(Secretario)*  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAR 04 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Cargill, Incorporated

   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 485
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Wilkins vs. Cargill, Incorporated, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CARGILL ANIMAL NUTRITION, an unknown business entity; CERRI FEED & PET SUPPLY, LLC, a California limited liability company; and DOES 1 through 100, inclusive,

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

BC 5 7 4 5 5 4

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Amy D. Hogue | 307 | 1402 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

MAR 04 2015

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06                                          By_____, Deputy Clerk
For Optical Use

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Edwin Aiwazian(State Bar No. 232943)<br>LAWYERS FOR JUSTICE, PC<br>410 Arden Avenue, Suite 203<br>Glendale, California 91203<br>TELEPHONE NO.: (818) 265-1020   FAX NO.: (818) 265-1021<br>ATTORNEY FOR (Name): Plaintiff Joan Wilkins | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County Of Los Angeles<br><br>MAR 04 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

| CASE NAME:<br>Wilkins vs. Cargill, Incorporated, et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 574554 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (specify): 10
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 4, 2015

Edwin Aiwazian
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Wilkins vs. Cargill, Incorporated, et al. | CASE NUMBER BC574554 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Wilkins vs. Cargill, Incorporated, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Wilkins vs. Cargill, Incorporated, et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Wilkins vs. Cargill, Incorporated, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 818 West Seventh Street, 2nd Floor |
|---|---|
| CITY: Los Angeles | STATE: CA    ZIP CODE: 90017 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 4, 2015 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR PLAINTIFF)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____)
Date:

_____            ➤ _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____        >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____        >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____        >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____        >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____        >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____ )

Date:

_____        >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____ )

Date:

_____        >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:   _____        _____
                                                          JUDICIAL OFFICER

Edwin Aiwazian (SBN 232943)
**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

MAR 04 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES

JOAN WILKINS; individually, and on behalf of other members of the general public similarly situated,

          Plaintiff,

    vs.

CARGILL, INCORPORATED, an unknown business entity; CARGILL ANIMAL NUTRITION, an unknown business entity; CERRI FEED & PET SUPPLY, LLC, a California limited liability company; and DOES 1 through 100, inclusive,

          Defendants.

Case No.: **BC 5 7 4 5 5 4**

**CLASS ACTION COMPLAINT FOR DAMAGES**

(1)  Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2)  Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3)  Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4)  Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5)  Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6)  Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(7)  Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8)  Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10)  Violation of California Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    COMES NOW, Plaintiff JOAN WILKINS ("Plaintiff"), individually, and on behalf of

2  other members of the general public similarly situated, and alleges as follows:

3                          <u>**JURISDICTION AND VENUE**</u>

4        1.      This class action is brought pursuant to the California Code of Civil Procedure

5  section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal

6  jurisdiction limits of the Superior Court and will be established according to proof at trial.  The

7  "amount in controversy" for the named Plaintiff, including claims for compensatory damages,

8  restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than

9  seventy-five thousand dollars ($75,000).

10       2.      This Court has jurisdiction over this action pursuant to the California

11  Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all

12  other causes" except those given by statute to other courts.  The statutes under which this

13  action is brought do not specify any other basis for jurisdiction.

14       3.      This Court has jurisdiction over Defendants because, upon information and

15  belief, Defendants are citizens of California, have sufficient minimum contacts in California,

16  or otherwise intentionally avail themselves of the California market so as to render the exercise

17  of jurisdiction over them by the California courts consistent with traditional notions of fair play

18  and substantial justice.

19       4.      Venue is proper in this Court because, upon information and belief, Defendants

20  maintain offices, have agents, employ individuals, and/or transact business in the State of

21  California, County of Los Angeles.  Moreover, Defendant CARGILL, INCORPORATED's

22  agent for service of process is located in the State of California, County of Los Angeles.

23                                <u>**PARTIES**</u>

24       5.      Plaintiff JOAN WILKINS is an individual residing in the State of California.

25       6.      Defendant CARGILL, INCORPORATED, at all times herein mentioned, was

26  and is, upon information and belief, an unknown business entity, and at all times herein

27  mentioned, an employer whose employees are engaged throughout the State of California.

28  ///

2

7.      Defendant CARGILL ANIMAL NUTRITION at all times herein mentioned, was and is, upon information and belief, an unknown business entity, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California.

8.      Defendant CERRI FEED & SUPPLY, LLC, at all times herein mentioned, was and is, upon information and belief, a California limited liability company, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California.

9.      At all relevant times, CARGILL, INCORPORATED, CARGILL ANIMAL NUTRITION and CERRI FEED & SUPPLY, LLC were the "employer" of Plaintiff within the meaning of all applicable California state laws and statutes.

10.      At all times herein relevant, Defendants CARGILL, INCORPORATED, CARGILL ANIMAL NUTRITION, CERRI FEED & SUPPLY, LLC and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

11.      The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

12.     Defendant CARGILL, INCORPORATED, CARGILL ANIMAL NUTRITION CERRI FEED & SUPPLY, LLC and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

13.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

15.     The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

16.     Plaintiff reserves the right to establish subclasses as appropriate.

17.     The class is ascertainable and there is a well-defined community of interest in the litigation:

> a.     Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than seventy-five (75) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.
>
> b.     Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

c.    Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.    Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.    Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

18.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

a.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

///
///
///

5

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

b.    Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed meal periods and rest breaks in violation of California law;

c.    Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.    Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.    Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.    Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.    Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.    Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.    Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.    Whether Defendants' conduct was willful or reckless;

l.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

6

m.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.   Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

19.   At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

20.   Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately August 2012 to approximately March 2013, in the State of California.

21.   Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

22.   Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment and to supervise their daily employment activities.

23.   Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

24.   Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

25.   Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

26.   Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This scheme involved, inter alia, failing to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum

8

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  wages for all hours worked.

2      33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

3  knew or should have known that Plaintiff and the other class members were entitled to receive

4  all wages owed to them upon discharge or resignation, including overtime, minimum wages,

5  meal and rest period premiums, and they did not, in fact, receive all such wages owed to them

6  at the time of their discharge or resignation.

7      34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

8  knew or should have known that Plaintiff and the other class members were entitled to receive

9  all wages owed to them during their employment.  Plaintiff and the other class members did

10 not receive payment of all wages, including overtime and minimum wages and meal and rest

11 period premiums, within any time permissible under California Labor Code section 204.

12     35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

13 knew or should have known that Plaintiff and the other class members were entitled to receive

14 complete and accurate wage statements in accordance with California law, but, in fact, they did

15 not receive complete and accurate wage statements from Defendants.  The deficiencies

16 included, inter alia, the failure to include the total number of hours worked by Plaintiff and the

17 other class members.

18     36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

19 knew or should have known that Defendants had to keep complete and accurate payroll records

20 for Plaintiff and the other class members in accordance with California law, but, in fact, did

21 not keep complete and accurate payroll records.

22     37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

23 knew or should have known that Plaintiff and the other class members were entitled to

24 reimbursement for necessary business-related expenses.

25     38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

26 knew or should have known that they had a duty to compensate Plaintiff and the other class

27 members pursuant to California law, and that Defendants had the financial ability to pay such

28 compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

9

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
. Glendale, California 91203

1   represented to Plaintiff and the other class members that they were properly denied wages, all

2   in order to increase Defendants' profits.

3         39.    At all material times set forth herein, Defendants failed to pay overtime wages

4   to Plaintiff and the other class members for all hours worked.  Plaintiff and the other class

5   members were required to work more than eight (8) hours per day and/or forty (40) hours per

6   week without overtime compensation.

7         40.    At all material times set forth herein, Defendants failed to provide the requisite

8   uninterrupted meal and rest periods to Plaintiff and the other class members.

9         41.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

10  other class members at least minimum wages for all hours worked.

11        42.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

12  other class members all wages owed to them upon discharge or resignation.

13        43.    At all material times set forth herein, Defendants failed to pay Plaintiff and the

14  other class members all wages within any time permissible under California law, including,

15  inter alia, California Labor Code section 204.

16        44.    At all material times set forth herein, Defendants failed to provide complete or

17  accurate wage statements to Plaintiff and the other class members.

18        45.    At all material times set forth herein, Defendants failed to keep complete or

19  accurate payroll records for Plaintiff and the other class members.

20        46.    At all material times set forth herein, Defendants failed to reimburse Plaintiff

21  and the other class members for necessary business-related expenses and costs.

22        47.    At all material times set forth herein, Defendants failed to properly compensate

23  Plaintiff and the other class members pursuant to California law in order to increase

24  Defendants' profits.

25        48.    California Labor Code section 218 states that nothing in Article 1 of the Labor

26  Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty

27  due to him [or her] under this article."

28  ///

10

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION;**

**CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

49.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50.   California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis, including any incentive pay.

51.   Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (4) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

52.   The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

53.   California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and no overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

54.   During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

11

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

55.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members, including failing to properly calculating the overtime rate.

56.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

57.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

58.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57, and each and every part thereof with the same force and effect as though fully set forth herein. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

59.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

60.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an

12

1  employee to work for a work period of more than ten (10) hours per day without providing the

2  employee with a second uninterrupted meal period of not less than thirty (30) minutes, except

3  that if the total hours worked is no more than twelve (12) hours, the second meal period may

4  be waived by mutual consent of the employer and the employee only if the first meal period

5  was not waived.

6       61.   During the relevant time period, Plaintiff and the other class members who were

7  scheduled to work for a period of time no longer than six (6) hours, and who did not waive

8  their legally-mandated meal periods by mutual consent, were required to work for periods

9  longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)

10 minutes and/or rest period.

11      62.   During the relevant time period, Plaintiff and the other class members who were

12 scheduled to work for a period of time in excess of six (6) hours were required to work for

13 periods longer than five (5) hours without an uninterrupted meal period of not less than thirty

14 (30) minutes and/or rest period.

15      63.   During the relevant time period, Defendants intentionally and willfully required

16 Plaintiff and the other class members to work during meal periods and failed to compensate

17 Plaintiff and the other class members the full meal period premium for work performed during

18 meal periods.

19      64.   During the relevant time period, Defendants failed to pay Plaintiff and the other

20 class members the full meal period premium due pursuant to California Labor Code section

21 226.7.

22      65.   Defendants' conduct violates applicable IWC Wage Order and California Labor

23 Code sections 226.7 and 512(a).

24      66.   Pursuant to applicable IWC Wage Order and California Labor Code section

25 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one

26 additional hour of pay at the employee's regular rate of compensation for each work day that

27 the meal or rest period is not provided.

28 ///

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

13

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### THIRD CAUSE OF ACTION

**(Violation of California Labor Code § 226.7)**

**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION;**

**CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

67.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 66, and each and every part thereof with the same force and effect as though fully set forth herein.

68.   At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

69.   At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

70.   At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

71.   During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

72.   During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

73.   During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

14

74.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

75.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

76.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

77.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

78.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

79.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

81.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 201 and 202)**

**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION;**

**CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

82.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same for and effect as though fully set forth herein.

83.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

85.    Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

86.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

16

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

87.    Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

#### (Violation of California Labor Code § 204)

#### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

88.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

90.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

91.    At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

92.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

93.    Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

17

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

94.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

96.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

97.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

18

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    98.    More specifically, Plaintiff and the other class members have been injured by

2  Defendants' intentional and willful violation of California Labor Code section 226(a) because

3  they were denied both their legal right to receive, and their protected interest in receiving,

4  accurate and itemized wage statements pursuant to California Labor Code section 226(a).

5    99.    Plaintiff and the other class members are entitled to recover from Defendants the

6  greater of their actual damages caused by Defendants' failure to comply with California Labor

7  Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per

8  employee.

9    100.    Plaintiff and the other class members are also entitled to injunctive relief to

10  ensure compliance with this section, pursuant to California Labor Code section 226(g).

11                              **EIGHTH CAUSE OF ACTION**

12                     **(Violation of California Labor Code § 1174(d))**

13        **(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION;**

14               **CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

15    101.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

16  through 100, and each and every part thereof with the same force and effect as though fully set

17  forth herein.

18    102.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a

19  central location in the state or at the plants or establishments at which employees are employed,

20  payroll records showing the hours worked daily by and the wages paid to, and the number of

21  piece-rate units earned by and any applicable piece rate paid to, employees employed at the

22  respective plants or establishments. These records shall be kept in accordance with rules

23  established for this purpose by the commission, but in any case shall be kept on file for not less

24  than two years.

25    103.    Defendants have intentionally and willfully failed to keep accurate and complete

26  payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other

27  class members.

28  ///

19

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

104.    As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

105.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2800 and 2802

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

106.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 105, and each and every part thereof with the same force and effect as though fully set forth herein.

107.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

108.    Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

109.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

20

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

110.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

112.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

113.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a) and 1174(d).

114.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

///

///

21

115. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

116. Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences from four years preceding the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

22

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.    For such other and further relief as the court may deem just and proper.

### As to the Second Cause of Action

10.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.   That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.   For all actual, consequential, and incidental losses and damages, according to proof;

13.   For premium wages pursuant to California Labor Code section 226.7(b);

14.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.   For reasonable attorneys' fees and costs of suit incurred herein; and

16.   For such other and further relief as the court may deem just and proper.

### As to the Third Cause of Action

17.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.   That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    19.    For all actual, consequential, and incidental losses and damages, according to

2    proof;

3    20.    For premium wages pursuant to California Labor Code section 226.7(b);

4    21.    For pre-judgment interest on any unpaid wages from the date such amounts

5    were due; and

6    22.    For such other and further relief as the court may deem just and proper.

7    **As to the Fourth Cause of Action**

8    23.    That the Court declare, adjudge and decree that Defendants violated California

9    Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to

10   Plaintiff and the other class members;

11   24.    For general unpaid wages and such general and special damages as may be

12   appropriate;

13   25.    For statutory wage penalties pursuant to California Labor Code section 1197.1

14   for Plaintiff and the other class members in the amount as may be established according to

15   proof at trial;

16   26.    For pre-judgment interest on any unpaid compensation from the date such

17   amounts were due;

18   27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

19   California Labor Code section 1194(a);

20   28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

21   29.    For such other and further relief as the court may deem just and proper.

22   **As to the Fifth Cause of Action**

23   30.    That the Court declare, adjudge and decree that Defendants violated California

24   Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the

25   time of termination of the employment of the other class members no longer employed by

26   Defendants;

27   31.    For all actual, consequential, and incidental losses and damages, according to

28   proof;

24

32.     For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

33.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.     For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

35.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

36.     For all actual, consequential, and incidental losses and damages, according to proof;

37.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38.     For such other and further relief as the court may deem just and proper.

### As to the Seventh Cause of Action

39.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40.     For actual, consequential and incidental losses and damages, according to proof;

41.     For statutory penalties pursuant to California Labor Code section 226(e);

42.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

43.     For such other and further relief as the court may deem just and proper.

///
///
///
///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

25

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Eighth Cause of Action

44.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

45.     For actual, consequential and incidental losses and damages, according to proof;

46.     For statutory penalties pursuant to California Labor Code section 1174.5; and

47.     For such other and further relief as the court may deem just and proper.

### As to the Ninth Cause of Action

48.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.     For actual, consequential and incidental losses and damages, according to proof;

50.     For the imposition of civil penalties and/or statutory penalties;

51.     For reasonable attorneys' fees and costs of suit incurred herein;

52.     For such other and further relief as the Court may deem just and proper.

### As to the Tenth Cause of Action

53.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff and the other class members all vested vacation time, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a) and 1174(d).

54.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

26

---

1    55.    For the appointment of a receiver to receive, manage and distribute any and all

2    funds disgorged from Defendants and determined to have been wrongfully acquired by

3    Defendants as a result of violation of California Business and Professions Code sections

4    17200, et seq.;

5    56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

6    California Code of Civil Procedure section 1021.5;

7    57.    For injunctive relief to ensure compliance with this section, pursuant to

8    California Business and Professions Code sections 17200, et seq.; and

9    58.    For such other and further relief as the court may deem just and proper.

10   Dated: March 4, 2015                    LAWYERS *for* JUSTICE, PC

11

12   By:

13                                          Edwin Aiwazian
                                            *Attorneys for* Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*LAWYERS for JUSTICE, PC*
410 West Arden Avenue, Suite 203
Glendale, California 91203

27

CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT C**



THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Español | Tiếng Việt | 한국어 | 中文 | հայերեն

Search

| Home | Online Services | Forms & Filings | Self-Help | Divisions | Jury | General Info |
|------|-----------------|----------------|-----------|-----------|------|--------------|
| | Pay Fines, Search Records... | Forms, Filing Fees ... | Self-Rep, Info, FAQs ... | Civil, Criminal, Family... | Jury Duty Portal, Q&A ... | Courthouses, ADA, Local Rules... |

ONLINE SERVICES

# Case Summary

CASE SUMMARY

Please make a note of the Case Number.

PRINT

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

Case Number:  BC574554
JOAN WILKINS VS CARGILL INCORPORATED ET AL

Filing Date: 03/04/2015
Case Type:  Other Employment Complaint (General Jurisdiction)
Status: Pending

## Future Hearings

None

Documents Filed | Proceeding Information

## Parties

CARGILL ANIMAL NUTRITION - Defendant/Respondent

CARGILL INCORPORATED - Defendant/Respondent

CERRI FEED & PET SUPPLY LLC - Defendant/Respondent

DOES 1 THROUGH 100 - Defendant/Respondent

LAWYERS FOR JUSTICE PC - Attorney for Plaintiff/Petitioner

WILKINS JOAN - Plaintiff/Petitioner

Case Information | Party Information | Proceeding Information

## Documents Filed (Filing dates listed in descending order)
**04/02/2015** Rtn of Service of Summons & Compl
Filed by Attorney for Plaintiff/Petitioner

**03/04/2015** Complaint

Case Information | Party Information | Documents Filed

## Proceedings Held (Proceeding dates listed in descending order)
None

Case Information | Party Information | Documents Filed | Proceeding Information

# EXHIBIT D

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
— Edwin Aiwazian | SBN. 232943
LAWYERS for JUSTICE, PC
410 Arden Ave Ste 203   Glendale, CA 91203

TELEPHONE NO. (818) 265-1020 | FAX NO. (818) 265-1021  E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff

**FILED**
Superior Court of California
County of Los Angeles

APR 02 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
P. Pleasant

Los Angeles Superior Court- Central
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

PLAINTIFF/PETITIONER: JOAN WILKINS

DEFENDANT/RESPONDENT: CARGILL, INC.

CASE NUMBER: BC574554

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 13790-Cargill |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Class Action Cases; Voluntary Efficient Litigation Stipulations

3. a. Party served *(specify name of party as shown on documents served)*:
   **CERRI FEED & PET SUPPLY, LLC., A CALIFORNIA LIMITED LIABILITY COMPANY**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **ERIN STEVENSON - AGENT FOR SERVICE**

4. Address where the party was served: **2949 S AIRPORT WAY**
   **STOCKTON, CA 95206**

5. I served the party *(check proper box)*
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   (2) at *(time)*:

   b. ☑ by substituted service. On *(date)*: 3/17/2015  at  *(time)*: 3:56 PM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
   **JEWEL MOORE - GENERAL MANAGER**

   | Age: 40 | Weight: 511LBS. | Hair: BROWN | Sex: Female |
   | Height: 5'6" | Eyes: BROWN | Race: WHITE | |

   (1) ☑ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:  or ☑ a declaration of mailing is attached.

   (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure § 417.10

POS010-1/4998239

| | CASE NUMBER. |
|---|---|
| PLAINTIFF/PETITIONER· JOAN WILKINS | BC574554 |
| DEFENDANT/RESPONDENT CARGILL, INC. | |

   c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

      (1) on *(date):*       (2) *from* (*city):*

      (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

      (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ by other means *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of *(specify):*

   c. ☐ as occupant.

   d. ☑ On behalf of *(specify):* CERRI FEED & PET SUPPLY, LLC., A CALIFORNIA LIMITED LIABILITY COMPANY

     under the following Code of Civil Procedure section·

| | | |
|---|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) | |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) | |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) | |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) | |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) | |
| | ☐ other: | |

7. Person who served papers
   a. Name: **Floyd A. Brown - ProLegal Reg#: 2013036880**
   b. Address: **1706 South Figueroa Street Los Angeles, CA 90015**
   c. Telephone number: **(888) 722-6878**
   d. The fee for service was: **$ 137.13**
   e. I am:

     (1) ☐ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☑ registered California process server:
        (i) ☐ owner    ☐ employee    ☐ independent contractor.
        (ii) Registration No.: 397
        (iii) County: San Joaquin

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

     Date: 3/19/2015

     ProLegal Reg#: 2013036880
     1706 South Figueroa Street
     Los Angeles, CA 90015
     (888) 722-6878
     http://www.prolegalnetwork.com

               **Floyd A. Brown**            ▶
             (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    (SIGNATURE)

| Attorney or Party without Attorney | | FOR COURT USE ONLY |
|---|---|---|
| Edwin Aiwazian, SBN: 232943<br>LAWYERS for JUSTICE, PC<br>410 Arden Ave Ste 203<br>Glendale, CA 91203<br>TELEPHONE No (818) 265-1020    FAX No (Optional) (818) 265-1021    E-MAIL ADDRESS (Optional)<br>Attorney for Plaintiff | | |
| | Ref No or File No<br>13790-Cargill | |
| Insert name of Court, and Judicial District and Branch Court<br>Los Angeles Superior Court- Central - | | |
| Plaintiff JOAN WILKINS | | |
| Defendant CARGILL, INC. | | |

| PROOF OF SERVICE<br>BY MAIL | HEARING DATE | TIME | DEPT | CASE NUMBER<br>BC574554 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured

2. I served copies of the Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Class Action Cases; Voluntary Efficient Litigation Stipulations;

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

    a. Date of Mailing:          March 19, 2015
    b. Place of Mailing:       Los Angeles, CA
    c. Addressed as follows:   CERRI FEED & PET SUPPLY, LLC., A CALIFORNIA LIMITED LIABILITY COMPANY
                            2949 S AIRPORT WAY
                            STOCKTON, CA 95206

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

Fee for Service: $ 137.13
    ProLegal Reg#: 2013036880
    1706 South Figueroa Street
    Los Angeles, CA 90015
    (888) 722-6878
    Ref: 13790-Cargill

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on March 19, 2015.

Signature: _____
               CYNTHIA BRIONES

**PROOF OF SERVICE BY MAIL**

Order#: 4998239/mailproof

# PROOF OF SERVICE

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 410 West Arden Avenue, Suite 203, Glendale, California 91203.

     On April 1, 2015, I served the foregoing document(s) described as: **PROOF OF SERVICE OF SUMMONS** on interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Erin Stevenson
2949 S. Airport Way
Stockton, California 95206

*Agent for Service for* Defendant Cargill, Inc.

**[X]**    **BY U.S. MAIL**
     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**[X]**    **STATE**
     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 1, 2015, at Glendale, California.

                         Rebecca Bock

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| JOAN WILKINS; individually, and on behalf of other members of the general public similarly situated, | CARGILL, INCORPORATED, an unknown business entity; CARGILL ANIMAL NUTRITION, an unknown business entity; CERRI FEED & PET SUPPLY, LLC, a California limited liability company; and DOES 1-100, inclusive |

| (b) County of Residence of First Listed Plaintiff  San Joaquin | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|
| Edwin Aiwazian, Esq. LAWYERS FOR JUSTICE, P.C. 410 West Arden Avenue, Suite 203 Glendale, CA 91203 | Jason E. Barsanti, Esq., Meckler Bulger Tilson Marick & Pearson, 575 Market Street, San Francisco, CA (415) 644-0914 and Michelle Lee Flores, Esq. Cozen O'Connor, 601 S. Figueroa St., Suite 3700, Los Angeles, CA 90017 - Telephone: (213)892-7938 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Exceeds $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC Section 1332(d) meets CAFA requirements; 28 USC Section 1441 - Removal of Civil Actions

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☒ No | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☒ No | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes   ☒ No | ☐ Yes   ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes   ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____    DATE: April 16, 2015

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

1  Jason E. Barsanti (CA Bar No. 235807)
2  Jason.barsanti@mbtlaw.com
   **MECKLER BULGER TILSON**
3  **MARICK & PEARSON LLP**
   575 Market Street, Suite 2200
4  San Francisco, CA 94105
   Tel: (415) 644-0914
5  Fax: (415) 644-0978
6
7  Michelle Lee Flores (CA Bar No. 166737)
8  mflores@cozen.com
   **COZEN O'CONNOR**
9  601 S. Figueroa Street, Suite 3700
   Los Angeles, CA 90017
10 Tel: (213) 892-7900
   Fax: (213) 902-9069
11
12 *Attorneys for Defendants*
13 *CARGILL INCORPORATED and*
   *CARGILL ANIMAL NUTRITION*
14
15                **UNITED STATES DISTRICT COURT**
16               **CENTRAL DISTRICT OF CALIFORNIA**
17

18 | JOAN WILKINS; individually, and on behalf of other members of the general public similarly situated, | Case No. |
|---|---|
| | **DEFENDANTS CARGILL, INCORPORATED AND CARGILL ANIMAL NUTRITION'S CERTIFICATION OF INTERESTED ENTITIES OR PARTIES** |

19 behalf of other members of the general
20 public similarly situated,
21                              Plaintiff,
      v.
22
23 CARGILL, INCORPORATED, an
   unknown business entity; CARGILL
24 ANIMAL NUTRITION, an unknown
   business entity; CERRI FEED & PET
25 SUPPLY, LLC, a California limited
   liability company; and DOES 1-100,
26 inclusive,
27
28                Defendants.

**[Central Dist. Local Rule 7.1-1]**

Pursuant to Central District Local Rule 7.1-1, the undersigned, counsel of record for Defendants, Cargill, Incorporated and Cargill Animal Nutrition, certifies that the following listed parties may have a pecuniary interest in the outcome of this case.   These representations are made to enable the Court to evaluate possible disqualification or recusal:

1. Cargill, Incorporated, a privately held company; and

2. Cargill Animal Nutrition, a business unit of Cargill, Incorporated, not a corporate entity.

Dated: April 16, 2015          By _____
                                    One of the Attorneys for Defendants

Jason E. Barsanti (CA Bar No. 235807)
**MECKLER BULGER TILSON MARICK & PEARSON LLP**
575 Market Street, Suite 2200
San Francisco, CA 94105
Tel: (415) 644-0914
Fax: (415) 644-0978


Michelle Lee Flores (CA Bar No. 166737)
**COZEN O'CONNOR**
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel: (213) 892-7900
Fax: (213) 902-9069