1  Jason E. Barsanti (CA Bar No. 235807)
2  jason.barsanti@mbtlaw.com
   **MECKLER BULGER TILSON**
3  **MARICK & PEARSON LLP**
4  575 Market Street, Suite 2200
   San Francisco, CA 94105
5  Tel: (415) 644-0914
   Fax: (415) 644-0978
6

7  Michelle Lee Flores (CA Bar No. 166737)
8  mflores@cozen.com
   **COZEN O'CONNOR**
9  601 S. Figueroa Street, Suite 3700
   Los Angeles, CA 90017
10 Tel: (213) 892-7900
   Fax: (213) 902-9069
11

12 *Attorneys for Defendants*
13 *CARGILL INCORPORATED and*
   *CARGILL ANIMAL NUTRITION*
14

15            **UNITED STATES DISTRICT COURT**
16            **CENTRAL DISTRICT OF CALIFORNIA**
                  **WESTERN DIVISION**
17

18 | JOAN WILKINS; individually, and on behalf of other members of the general public similarly situated, | Case No. 2:15-cv-02818-ODW-JEM |
19
20 |                          Plaintiff, | **DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES** |
21 |        v. |
22 | CARGILL, INCORPORATED, an unknown business entity; CARGILL ANIMAL NUTRITION, an unknown business entity; CERRI FEED & PET SUPPLY, LLC, a California limited liability company; and DOES 1-100, inclusive, | Complaint Filed: March 4, 2015 Trial Date: _____ |
23
24
25
26
27 |                          Defendants. |
28

-1-

PLEASE TAKE NOTICE that Defendants Cargill, Incorporated and Cargill Animal Nutrition ("Cargill Defendants"),[1] answer Plaintiff's Class Action Complaint for Damages as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

**ANSWER:** The Cargill Defendants admit that Plaintiff purports to bring this lawsuit as a class action.  The Cargill Defendants further admit that the amount put in controversy by Plaintiff's Complaint with respect to Plaintiff's individual claims and pro rata share of attorneys' fees is less than seventy-five thousand dollars.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 1.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original

---

[1] Defendant Cargill Animal Nutrition is erroneously sued as a separate business entity.  Cargill Animal Nutrition is not a separate corporate entity of any nature, but instead is a business unit of Defendant Cargill, Incorporated.

jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

**ANSWER:** The Cargill Defendants admit that the United States District Court for the Central District of California has jurisdiction over this action. Except as specifically admitted, the Cargill Defendants deny the allegations of paragraph 2.

3.     This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

**ANSWER:** The Cargill Defendants deny that they are citizens of California. Cargill Animal Nutrition denies that this Court has personal jurisdiction over it as it is not a legal entity subject to suit.  Cargill, Incorporated admits that this Court has personal jurisdiction over it.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 3.

4.     Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the State of California, County of Los Angeles. Moreover, Defendant CARGILL, INCORPORATED's agent for service of process is located in the State of California, County of Los Angeles.

**ANSWER:** The Cargill Defendants admit that venue is proper in this District pursuant to 28 U.S.C. 1441.  Cargill, Incorporated further admits that its registered agent for service of process maintains an office in the State of California, County of Los Angeles.  The Cargill Defendants deny the remaining allegations of paragraph 4 and further explicitly do not waive their right to seek a transfer of venue pursuant to 28 U.S.C. § 1404.

## PARTIES

5.     Plaintiff JOAN WILKINS is an individual residing in the State of California.

**ANSWER:**  The Cargill Defendants admit the allegations of paragraph 5.

6.     Defendant CARGILL, INCORPORATED, at all times herein mentioned, was and is, upon information and belief, an unknown business entity, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California.

**ANSWER:** Cargill, Incorporated admits that it is a corporation and, further pleading, admits that it employs employees in the State of California.  Except as specifically admitted, Cargill, Incorporated denies the allegations of paragraph 6.

7.     Defendant CARGILL ANIMAL NUTRITION at all times herein mentioned, was and is, upon information and belief, an unknown business entity,

and at all times herein mentioned, an employer whose employees are engaged throughout the State of California.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 7.

8.     Defendant CERRI FEED & SUPPLY, LLC, at all times herein mentioned, was and is, upon information and belief, a California limited liability company, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California.

**ANSWER:** The Cargill Defendants deny that Cerri Feed & Supply, LLC was, during the entire statutory period alleged in Plaintiff's Complaint, a California limited liability company.  The Cargill Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 8.

9.     At all relevant times, CARGILL, INCORPORATED, CARGILL ANIMAL NUTRITION and CERRI FEED & SUPPLY, LLC were the "employer" of Plaintiff within the meaning of all applicable California state laws and statutes.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 9.

10.   At all times herein relevant, Defendants CARGILL, INCORPORATED, CARGILL ANIMAL NUTRITION, CERRI FEED & SUPPLY, LLC and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions

alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 10.

11.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 11.

12.    Defendant CARGILL, INCORPORATED, CARGILL ANIMAL NUTRITION CERRI FEED & SUPPLY, LLC and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

**ANSWER:** The Cargill Defendants admit that Plaintiff states her intention to refer to Cargill, Incorporated, Cargill Animal Nutrition, Cerri Feed and Supply, LLC, and DOES 1 through 100 collectively as "Defendants." Except as specifically admitted, the Cargill Defendants deny the allegations of paragraph 12.

13.    Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make

each of said defendants employers and employers liable under the statutory provisions set forth herein.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 13.

CLASS ACTION ALLEGATIONS

14.    Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

**ANSWER:** The Cargill Defendants admit that Plaintiff purports to bring this lawsuit as a class action on her own behalf and on behalf of all other members of the general public similarly situated.  The Cargill Defendants deny that this lawsuit is appropriate for maintenance as a class action or for class certification.  Except as specifically admitted, the Cargill Defendants deny the allegations of paragraph 14.

15.    The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

**ANSWER:** The Cargill Defendants admit that Plaintiff purports to bring this lawsuit as a class action on behalf of a class as defined in paragraph 15. The Cargill Defendants deny that this lawsuit is appropriate for maintenance as a class action or for class certification pursuant to Plaintiff's proffered

definition and/or in any other respect.  Except as specifically admitted, the Cargill Defendants deny the allegations of paragraph 15.

16.     Plaintiff reserves the right to establish subclasses as appropriate.

**ANSWER:** The Cargill Defendants admit that Plaintiff purports to reserve the right to establish but denies that any class or subclasses are appropriate in this action.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 16.

17.     The class is ascertainable and there is a well-defined community of interest in the litigation:

   a.   <u>Numerosity:</u> The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than seventy-five (75) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

   b.   <u>Typicality:</u> Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

   c.   <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 17 and each of the subparts thereof.

18. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b. Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed meal periods and rest breaks in violation of California law;

c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.   Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.   Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia,* section 226;

i.   Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia,* section 1174(d);

j.   Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.   Whether Defendants' conduct was willful or reckless;

1.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.   Whether P1aintiff and the ether <sup>class</sup> members are entitled to compensatory damages pursuant to the California Labor Code.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 18 and each of the subparts thereof.

## GENERAL ALLEGATIONS

19.   At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

**ANSWER:** The Cargill Defendants deny that they employed Plaintiff. Cargill, Incorporated admits that it employs persons other than Plaintiff in the State of California as hourly-paid non-exempt employees.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 19.

20.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, nonexempt employee, from approximately August 2012 to approximately March 2013, in the State of California.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 20.

21.    Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 21.

22.    Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment and to supervise their daily employment activities.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 20 with respect to Plaintiff.   Cargill, Incorporated admits that it has the authority to hire and terminate its California employees and to set work rules and conditions governing its California employees' employment and to supervise the daily employment activities of its California employees. Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 22.

23.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 23.

24.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 24 with respect to Plaintiff.  Cargill, Incorporated admits that it hired and paid the wages of its California employees.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 24.

25.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

**ANSWER:** Cargill, Incorporated admits that it continues to employ hourly-paid non-exempt employees in the State of California.   Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 25.

26.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

**ANSWER:** Cargill, Incorporated admits that some of its employees in the State of California have worked over eight (8) and/or forty (40) hours in some workweeks during their employment.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 26.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California, This scheme involved, inter alia, <u>failing</u> to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 27.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 28.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 29.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 30.

31.  Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 31.

32.  Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 32.

33.  Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime, minimum wages, meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 33.

34.  Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 34.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and the other class members.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 35.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 36.

37.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 37.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 38.

39.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 39.

40.     At all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 40.

41.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 41.

42.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 42.

43.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, inter alia, California Labor Code section 204.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 43.

44.     At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 44.

45.     At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 45.

46.     At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 46.

47.     At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 47.

48.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**ANSWER:** The Cargill Defendants admit that California Labor Code section 218 states "[N]othing in this article shall limit the authority of the district attorney of any county or prosecuting attorney of any city to prosecute actions, either civil or criminal, for violations of this article or to

enforce the provisions thereof independently and without specific direction of the division. Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."   Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 48.

## FIRST CAUSE OF ACTION

**(Violation of California Labor Code §§ 510 and 1198)**
**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION;**
**CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

49.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

**ANSWER:** The Cargill Defendants incorporate by reference each of their responses to paragraphs 1 through 48 and each and every part thereof with the same force and effect as though fully set forth herein.

50.   California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis, including any incentive pay.

**ANSWER:** The Cargill Defendants admit that California Labor Code section 1198 and the IWC Wage Orders mandate that some employees are legally entitled to receive overtime pay based on the number of hours

worked in a day and/or in a week.   Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 50.

51.   Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 51.

52.   The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 52.

53.   California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and no overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

**ANSWER:** The Cargill Defendants admit that California Labor Code section 510 codifies some employee's right to overtime compensation at the rates and under the circumstances set forth therein.   Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 53.

54.    During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

**ANSWER:** The Cargill Defendants admit that, within the four years predating the filing of the instant Complaint, Plaintiff worked, in some workweeks, in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a workweek.  Further pleading, the Cargill Defendants admit that Cargill, Incorporated employees in California worked, in some workweeks, in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a workweek.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 54.

55.    During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members, including failing to properly calculating the overtime rate.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 55.

56.    Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 56.

57.    Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 57.

### SECOND CAUSE OF ACTION
**(Violation of California Labor Code §§ 226.7 and 512(a))**
**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

58.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57, and each and every part thereof with the same force and effect as though fully set forth herein. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

**ANSWER:** The Cargill Defendants incorporate by reference each of their responses to paragraphs 1 through 57 and each and every part thereof with the same force and effect as though fully set forth herein.   The Cargill Defendants admit that California Labor Code section 226.7 contains certain requirements regarding meal and rest breaks as set forth therein.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 58.

59.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day

without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

**ANSWER:** The Cargill Defendants admit that the IWC Wage Orders and California Labor Code section 512(a) set forth the circumstances under which some employees employed in California are entitled to meal periods as set forth therein. Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 59.

60.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

**ANSWER:** The Cargill Defendants admit that the IWC Wage Orders and California Labor Code section 512(a) set forth the circumstances under which some employees employed in California are entitled to meal periods as set forth therein. Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 60.

61.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were

required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 61.

62.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 62.

63.    During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 63.

64.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 64.

65.    Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 65.

66.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 66.

## THIRD CAUSE OF ACTION
### (Violation of California Labor Code § 226.7)
### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

67.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 66, and each and every part thereof with the same force and effect as though fully set forth herein.

**ANSWER:** The Cargill Defendants incorporate by reference each of their responses to paragraphs 1 through 66 and each and every part thereof with the same force and effect as though fully set forth herein.

68.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

**ANSWER:** The Cargill Defendants deny that they employed Plaintiff. Cargill, Incorporated admits that it has employed individuals in California to whom the provisions of California Labor Code section 226.7 and certain IWC Wage Orders applied.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 68.

69.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

**ANSWER:** The Cargill Defendants admit that the California Labor Code section 226.7 sets forth requirements with respect to rest periods mandated by the IWC Wage Orders as set forth therein.   Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 69.

70.    At all relevant times, the applicable IWC Wage Order provides that [e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten **(10)** minutes net rest time per four (4) hours or major fraction thereof' unless the total daily work time is less than three and one-half (3 '/2) hours.

**ANSWER:** The Cargill Defendants admit that the IWC Wage Orders set forth requirements with respect to rest periods as set forth therein.   Except as specifically   admitted   the   Cargill   Defendants   deny   the   allegations   of paragraph 70.

71.    During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 71.

72.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay

Plaintiff and the other class members the full rest period premium for work performed during rest periods.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 72.

73.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 73.

74.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 74.

75.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 75.

**FOURTH CAUSE OF ACTION**
**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**
**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

76.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

**ANSWER:** The Cargill Defendants incorporate by reference each of their responses to paragraphs 1 through 75 and each and every part thereof with the same force and effect as though fully set forth herein.

77. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

**ANSWER:** The Cargill Defendants admit that California Labor Code sections 1194, 1197, and 1197.1 set certain requirements for a minimum mandatory wage payable to certain employees as set forth therein. Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 77.

78. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 78.

79. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 79.

80.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 80.

81.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 81.

**FIFTH CAUSE OF ACTION**
**(Violation of California Labor Code §§ 201 and 202)**
**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION;**
**CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same for and effect as though fully set forth herein.

**ANSWER:** The Cargill Defendants incorporate by reference each of their responses to paragraphs 1 through 81 and each and every part thereof with the same force and effect as though fully set forth herein.

83.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

**ANSWER:** The Cargill Defendants admit that California Labor Code sections 201 and 202 set forth certain requirements for payment of wages to employees whose employment terminates as set forth therein. Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 83.

84. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 84.

85. Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 85.

86. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

**ANSWER:** The Cargill Defendants admit that California Labor Code section 203 sets forth certain requirements regarding payment of wages upon

an employee's termination as set forth therein.   Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 86.

87.   Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 87.

### SIXTH CAUSE OF ACTION
**(Violation of California Labor Code § 204)**
**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

88.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

**ANSWER:** The Cargill Defendants incorporate by reference each of their responses to paragraphs 1 through 87 and each and every part thereof with the same force and effect as though fully set forth herein.

89.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

**ANSWER:** The Cargill Defendants admit that California Labor Code section 204 sets forth certain requirements for the payment of certain

employees as set forth therein.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 89.

90.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

**ANSWER:** The Cargill Defendants admit that California Labor Code section 204 sets forth certain requirements for the payment of certain employees as set forth therein.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 90.

91.    At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

**ANSWER:** The Cargill Defendants admit that California Labor Code section 204 sets forth certain requirements for the payment of certain employees as set forth therein.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 91.

92.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 92.

93.    Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 93.

**SEVENTH CAUSE OF ACTION**
**(Violation of California Labor Code § 226(a))**
**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION;**
**CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

94.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

**ANSWER:** The Cargill Defendants incorporate by reference each of their responses to paragraphs 1 through 93 and each and every part thereof with the same force and effect as though fully set forth herein.

95.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

**ANSWER:** The Cargill Defendants admit that California Labor Code section 226(a) sets forth certain requirements governing itemized wage statements that must be provided by employers to employees as set forth therein.  Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 95.

96.    Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 96.

97.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 97.

98.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 98.

99.     Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 99.

100.   Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 100.

**EIGHTH CAUSE OF ACTION**
**(Violation of California Labor Code § 1174(d))**
**(Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)**

101.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

**ANSWER:** The Cargill Defendants incorporate by reference each of their responses to paragraphs 1 through 100 and each and every part thereof with the same force and effect as though fully set forth herein.

102.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and

the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

**ANSWER:** The Cargill Defendants admit that California Labor Code section 1174(d) sets forth certain requirements under which employers must maintain certain employment records as set forth therein.   Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 102.

103.   Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 103.

104.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 104.

105.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

**ANSWER:**  The Cargill Defendants deny the allegations of paragraph 105.

## NINTH CAUSE OF ACTION
### Violation of California Labor Code §§ 2800 and 2802)
### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

106. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 105, and each and every part thereof with the same force and effect as though fully set forth herein.

**ANSWER:** The Cargill Defendants incorporate by reference each of their responses to paragraphs 1 through 105 and each and every part thereof with the same force and effect as though fully set forth herein.

107. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

**ANSWER:** The Cargill Defendants admit that California Labor Code sections 2800 and 2802 set forth certain requirements with respect to the mandatory reimbursement of certain expenditures to employees as set forth therein. Except as specifically admitted the Cargill Defendants deny the allegations of paragraph 107.

108. Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 108.

109.  Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 109.

## TENTH CAUSE OF ACTION
### (Violation of California Business & Professions Code §§ 17200, et seq.)
### (Against CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & SUPPLY, LLC; and DOES 1 through 100)

110.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

**ANSWER:** The Cargill Defendants incorporate by reference each of their responses to paragraphs 1 through 109 and each and every part thereof with the same force and effect as though fully set forth herein.

111.  Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 111.

112.  Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 112.

113.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a) and 1174(d).

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 113.

114.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 114.

115.   Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 115.

116.   Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences from four years preceding the filing of this complaint; an award of attorneys' fees pursuant to

California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

**ANSWER:** The Cargill Defendants deny the allegations of paragraph 116.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

**ANSWER:** The Cargill Defendants admit that Plaintiff has requested a trial by jury. The Cargill Defendants deny that Plaintiff or any allegedly similarly situated individual has a right to a trial by jury on each of its claims set forth herein. Except as specifically admitted the Cargill Defendants deny the allegations set forth in Plaintiff's Demand for Jury Trial.

## AFFIRMATIVE DEFENSES

### First Defense

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 339, 340, and 343, California Labor Code section 203, and California Business and Professions Code section 17208. Plaintiff filed the instant action on March 4, 2015. Plaintiff and putative class

members are barred from recovering any of the following: restitution of any kind, including for alleged unpaid overtime wages prior to March 4, 2011; overtime, minimum wage, wage statement damages, and premium payments for missed meal and/or rest periods or other statutory claims prior to March 4, 2012; alleged waiting time penalties prior to March 4, 2012; unreimbursed expenses prior to March 4, 2013, and any other alleged penalties prior to March 4, 2014. Waiting time penalties cease after March 4, 2015, when this suit was filed pursuant to Labor Code 203 and cannot be recovered for any putative class members after that date.

**Second Defense**

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that neither Plaintiff nor any member of the putative class is entitled to injunctive relief because an adequate remedy exists at law. Injunctive relief is not necessary on any of the claims where Plaintiff seeks injunctive relief since money damages would be a sufficient remedy.

**Third Defense**

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that to the extent that Plaintiff is

seeking recovery in the form of injunctive relief, such claims are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.  Further pleading, the Cargill Defendants have not violated the law with respect to any of the claims in the Complaint. As such, injunctive relief is not appropriate, as any alleged violations are "not likely to occur."

### Fourth Defense

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that Plaintiff's claims for penalties under California Labor Code section 203 is barred because any nonpayment of wages alleged in the Complaint was not willful and/or there is a good faith dispute as to whether Plaintiff and/or the other putative class members were owed any wages. The Cargill Defendants had no knowledge of any unpaid wages or uncompensated work. To the extent that the Cargill Defendants had any duty to compensate Plaintiff, and they deny any such duty, Plaintiff never advised the Cargill Defendants that she was owed any wages prior to her employment's termination. Likewise, no other putative class member advised that they were owed monies prior to their last date of employment. As such, waiting time penalties cannot be ordered as any alleged violation of the wage payment statutes

was not willful and/or there was a good faith dispute as to whether any wages were owed.

### Fifth Defense

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that any recovery on Plaintiff's Complaint is barred or diminished to the extent that Plaintiff or any putative class member failed to mitigate any damages. To the extent that the Cargill Defendants had a duty to compensate Plaintiff, and they deny any such duty, Plaintiff and/or the other putative class members never advised the Cargill Defendants that they were owed wages, expense reimbursement, or payment of any kind. Plaintiff and other putative class members failed to note any discrepancies or inaccuracies on their payroll verification reports. The Cargill Defendants had no reason to know of any alleged uncompensated work, missed, late or interrupted meal or rest breaks, unpaid business expenses, or any money owed for any reason. By remaining silent and delaying bringing this claim, Plaintiff and/or the other putative class members failed to mitigate their damages, if any, to Defendants' prejudice.

### Sixth Defense

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that any recovery on Plaintiff's

Complaint is barred, in whole or in part, to the extent that Plaintiff and the putative class members, by reason of their acts, conduct and/or omissions, have waived, settled, or released their rights, if any, to obtain the relief sought in the Complaint. Plaintiff and other putative class members have waived the right to recover by failing to notify the Cargill Defendants of any alleged uncompensated time, any uncompensated business expenses, any alleged missed, late or interrupted meal or rest breaks, by failing to notify the Cargill Defendants of any discrepancies or inaccuracies on their payroll verification reports, and by failing to promptly notify the Cargill Defendants that they were owed any sums. Plaintiff and the other putative class members' claims for meal and rest breaks are waived to the extent of any meal or rest breaks which they voluntarily waived to the extent permitted by law. Furthermore, putative class members' claims are barred to the extent that they were released in whole or in part by settlement, release, and accord and satisfaction based on the prior settlements.

## Seventh Defense

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that any recovery on Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff, by reason of her acts, conduct and/or omissions, is estopped from obtaining the relief sought in the Complaint. Plaintiff and/or other putative class members failed to note any

discrepancies or inaccuracies on their payroll verification reports, stating that their time punches were correct, and that they had been provided with all required breaks. Plaintiff and/or other putative class members never alleged prior to their leaving their employment that they were owed any monies of any kind. The employer was entitled to rely on Plaintiff's conduct and that of the other putative class members. Plaintiff and/or other putative class members also failed to notify the Cargill Defendants of her/their claims for reimbursement of expenses. Plaintiff and/or other putative class members are estopped from seeking reimbursement of such expenses by their failure to follow relevant policies requiring prompt submission of requests for business expenses. An employer cannot be responsible for paying expenses of which it has no knowledge.

## Eighth Defense

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that all or portions of Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. During the relevant time period, the Cargill Defendants maintained legally-compliant policies which included, but were not limited to, policies regarding overtime, compensation, business expense reimbursement, timekeeping, wage statements and records, and meal and rest periods. To the extent that Plaintiff and/or members of the putative class Plaintiff purports to represent failed to complain during their employment

about alleged violations of the law, such persons are now barred from seeking relief based on the doctrine of laches. Plaintiff and/or the other putative class members delayed unreasonably in bringing their claims and in filing suit. The Cargill Defendants suffered prejudice or injuries as a result of the delay due to the passage of time and diminution of memories, turnover of employees who might be potential witnesses, and to the extent that any relevant records as to work activities, hours, breaks, and expenses were lost or destroyed.

## Ninth Defense

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that all or portions of Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and avoidable consequences. During the relevant time period, the Cargill Defendants maintained legally-compliant policies which included, but were not limited to, policies regarding overtime, compensation, business expense reimbursement, timekeeping, wage statements and records, and meal and rest periods. To the extent Plaintiff and/or members of the putative class Plaintiff purports to represent are seeking compensation for time or expenses incurred in violation of policy or which they failed to promptly report in violation of established company policy, such claims are barred by the doctrines of unclean hands and/or avoidable consequences.

**Tenth Defense**

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that Plaintiff would be unjustly enriched if allowed to recover anything from the Cargill Defendants. The Cargill Defendants maintained legally-compliant policies which included, but were not limited to, policies regarding overtime, workweek schedules, timekeeping, business expense reimbursement, and meal and rest periods.

**Eleventh Defense**

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that any claims of Plaintiff seeking excessive penalties, punitive, or exemplary damages are barred, in whole or in part, because the imposition of such excessive penalties or damages in this case would violate the due process and excessive fines clauses under the United States and California constitutions. While Plaintiff does not expressly ask for exemplary damages, she does not set any limit on damages or penalties sought. To the extent that Plaintiff's claim for "other relief" includes excessive punitive damages, such punitive damage claims would be subject to applicable constitutional limitations To the extent Plaintiff seeks penalties in excess of constitutional limitations, these same defenses would also apply.

## **Twelfth Defense**

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that, without conceding any violation of law, any time spent by Plaintiff and/or putative class members beyond their compensated workweek, for any unpaid wages including for overtime, meal or rest breaks, was *de minimis*. Employees cannot recover for otherwise compensable time if the time is *de minimis*. To the extent Plaintiff and/or the other putative class members are claiming they are entitled to compensation for periods of up to ten minutes per day, assuming, *arguendo*, that the Cargill Defendants were made aware of such time, such time worked would be *de minimis* and therefore not recoverable.

## **Thirteenth Defense**

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that, in the event Plaintiff and/or other putative class members failed to take meal breaks or rest breaks to which they were entitled and offered, this decision was a voluntary decision on their part to waive such breaks. If Plaintiff or other putative class members claim that they performed work for which they did not record their time properly, such work was completely voluntary on their part. To the extent that Plaintiff or others worked

outside of their scheduled hours, or worked overtime without authorization or knowledge of the Cargill Defendants, this would be contrary to company policies and a completely voluntary action on their part, precluding recovery. The employer is not liable for any work that it did not know about or authorize.

### Fourteenth Defense

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of collateral estoppel and/or res judicata insofar as individual putative class members Plaintiff seeks to represent have litigated or will litigate issues raised by the Complaint prior to adjudication of those issues in this action.

### Fifteenth Defense

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that they are entitled to an offset against any relief due Plaintiff and/or those persons she seeks to represent, to the extent of any monies owed to the Cargill Defendants, including, but not limited to, any overpayments made to Plaintiff and/or those persons she seeks to represent, any payment of one hour of wages for employees who did not receive a meal break, but who had validly waived their right to a meal break, such as those who

worked 6 hours or less in a day. Furthermore, to the extent Plaintiff and/or other putative class members were paid for time not worked, and/or paid expense reimbursement in excess of expenses recoverable under Labor Code section 2802, the Cargill Defendants are be entitled to an offset against any monies found owing for work performed, missed breaks, and/or unreimbursed expenses.

## Sixteenth Defense

As a separate defense to the Complaint and to each of Plaintiff's Causes of Action therein, both on her own behalf and with respect to her claims on behalf of a putative class, the Cargill Defendants allege that Plaintiff lacks standing to sue for all claims for which she had suffered no injury in fact, such as contentions that she is entitled to overtime, premium pay and business expense reimbursement when she in fact had no such injuries. She also lacks standing to sue on behalf of all putative class members. Plaintiff has no standing to pursue claims for injunctive relief because as a former employee, she has no stake in the outcome of any request for prospective injunctive relief, and lacks standing. In addition, since the Cargill Defendants did not violate any legal rights of Plaintiff in any regard, Plaintiff lacks standing to sue on her own behalf or on behalf of a class for any of the claims alleged.

## PRAYER

WHEREFORE, the Cargill Defendants request judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint;

2. That judgment be entered in favor of the Cargill Defendants and against Plaintiff;

3. That the Cargill Defendants recover attorney's fees and costs of suit pursuant to Fed. R. Civ. P. Rule 11, Cal. Labor Code section 218.5, 28 U.S.C. section 1927, and the court's inherent power to award sanctions; and

4. That the Court award the Cargill Defendants such other and/or further relief as the Court deems just and proper.


Dated: <u>April 23, 2015</u>        By:   *s/ Jason E. Barsanti*
                                             One of the Attorneys for Defendants

                                             Jason E. Barsanti (CA Bar No. 235807)
                                             jason.barsanti@mbtlaw.com
                                             **MECKLER BULGER TILSON**
                                             **MARICK & PEARSON LLP**
                                             575 Market Street, Suite 2200
                                             San Francisco, CA 94105
                                             Tel: (415) 644-0914
                                             Fax: (415) 644-0978

                                             Michelle Lee Flores (CA Bar No. 166737)
                                             mflores@cozen.com
                                             **COZEN O'CONNOR**
                                             601 S. Figueroa Street, Suite 3700
                                             Los Angeles, CA 90017
                                             Tel: (213) 892-7900
                                             Fax: (213) 902-9069

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed via the Electronic Case Filing ("ECF") system in the United States District Court of the Central District of California and was served on all parties registered for e-filling in this matter on April 23, 2015

*s/ Jason E. Barsanti*

Jason E. Barsanti

M:\17192\pleading\Answer.Complaint.01 (FINAL).doc