**O**

# United States District Court
# Central District of California

| | |
|---|---|
| JOAN WILKINS, individually, and on behalf of other members of the general public similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CARGILL, INCORPORATED; CARGILL ANIMAL NUTRITION; CERRI FEED & PET SUPPLY, LLC; and DOES 1–100, inclusive,<br><br>  Defendants. | Case No. 2:15-cv-02818-ODW (JEM)<br><br>**ORDER DENYING MOTION TO REMAND [9]** |

## I. INTRODUCTION

On March 4, 2015, Plaintiff Joan Wilkins filed a putative class action complaint in California state court against her former employers, Defendants Cargill, Inc., Cargill Animal Nutrition, and Cerri Feed & Pet Supply, LLC (collectively "Cargill"). (ECF No. 1, Ex. A.) Wilkins raises ten causes of action under various California statues, to include failure to pay overtime and provide rest breaks, and seeks to represent all similarly situated, non-exempt employees during a four-year period. (*Id.*) On April 16, 2015, Cargill removed the case pursuant to the Class Action Fairness Act

("CAFA"), 28 U.S.C. §§ 1332, 1441. (ECF No. 1.) Pending before the Court is Wilkin's Motion to Remand. (ECF No. 9.) For the reasons discussed below, the Court **DENIES** the Motion to Remand.[1]

## II.  LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). CAFA grants federal courts original jurisdiction over class action cases that meet the following requirements: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (*i.e.*, at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities. 28 U.S.C. §§ 1332(d)(2), (5). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2014).

The removing defendant must file in the district court a notice of removal "containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). The Supreme Court recently held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). But, "[e]vidence establishing the amount is required" where defendant's assertion of the amount in controversy is contested by the plaintiff. *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)).

/ / /

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2

## III.  DISCUSSION

In her Motion to Remand, Wilkins claims that Cargill's removal is improper because the Notice of Removal lacks factual support to substantiate Cargill's claims that this Court has jurisdiction under CAFA. (Mot. at 1.) Specifically, Wilkins argues that there is no evidence to support the citizenship and amount-in-controversy requirements. (*Id.*) In its Opposition Brief, Cargill provides evidence that the parties are diverse and the amount in controversy is over $5 million. (*See* ECF No. 18.) *Dart Cherokee* instructs that a notice of removal is required to set forth plausible allegations of removal jurisdiction, but evidence is only required when such allegations are challenged. *Dart Cherokee*, 135 S. Ct. at 547. Cargill complied with *Dart Cherokee* when it submitted evidence in its Opposition Brief.

Wilkins is not satisfied with the evidence Cargill submitted. While Wilkins abandons her assertion that the parties are not sufficiently diverse, she claims that Cargill's amount-in-controversy estimate of $19 million is based on "unreasonable and unsupported assumptions." (Reply 1.) Wilkins argues that the proper interpretation of her Complaint is that Cargill committed "some" violations of California labor laws. (*Id.*) Cargill, however, used a "100% violation rate" in its calculations. (*Id.*) According to Wilkins, "[f]or [Cargill's] interpretation of the [Complaint] to be correct, Plaintiff would have to have alleged that she and the class were *never* paid for *any* of the hours they worked and were never provided *any* meal and rest periods." (*Id.* at 3.)

The Court first notes that calculations based on a 100 percent rate of violation is warranted by the language in the Complaint. For example, Wilkins makes the following allegation: "Plaintiff and other class members were required to work more than eight (8) hours per day and/or forty (4) hours per week *without overtime compensation*." (Compl. ¶ 39 [emphasis added].) That allegation suggests that Wilkins and the putative class members were never paid overtime compensation. The Court also notes that while Wilkins claims that Cargill over-inflated its calculations,

she fails to offer *any* alternative calculation or alternative amount in controversy. Wilkins presents no evidence on amount Cargill over-inflated, the proper calculation of amount in controversy, or her estimate of the amount in controversy. Wilkins was required to "submit proof" on what she believes is the correct amount in controversy, but instead offers conclusory claims that Cargill's estimate is "too much." *See Dark Cherokee*, 135 S. Ct. at 547. The Court is required to resolve the dispute "by a preponderance of the evidence," and without any evidence from Wilkins, Cargill's evidence prevails. *See id.* An independent review of the evidence indicates that Cargill's calculations are reasonable and not conclusory. This case involves 520 putative class members, 49,445 paychecks, 506,244 overtime hours, and 269,546 shifts greater than four hours. (Haynes Decl. ¶¶ 5–15.) Considering the average hourly rate of $21.41 during the class period and the ten causes of action raised in the Complaint, Cargill's estimated $19 in controversy million appears reasonable. As a result, the Court concludes that the jurisdictional requirements of CAFA are satisfied.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Wilkins' Motion to Remand. (ECF No. 9.)

**IT IS SO ORDERED.**

June 4, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**